## HOXIE & WILDER v. SUTTER *et al.*

**Contract for Sale of Land:** ASSIGNMENT TO A. AND SALE OF LAND TO B.: GARNISHMENT OF B. AS DEBTOR OF ASSIGNOR: INTERVENTION OF A. Defendants *held* a written contract for the sale to them of real estate. They sold the property to garnishee, but assigned their written contract to intervenor, to secure him and other creditors to the extent of the money which garnishee should pay for the property. Plaintiffs, with knowledge of these facts, caused the garnishee to be attached as the debtor of defendants, and he answered that he was indebted for the property, but intervenor came in and claimed the money. *Held* that the assignment by defendants to intervenor of their written contract carried with it the debt due from garnishee for the property, and that it was immaterial whether there was or was not another assignment of such debt prior to the garnishment, and that the submission of such question to the jury was error.

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

FILED, DECEMBER 19, 1888.

ACTION at law. Trial by jury; judgment for plaintiff, and intervenor appeals.

*Dewell & McGavren* and *J. W. Barnhart*, for appellant.

*S. H. Cochran*, for appellees.

SEEVERS, C. J.—I. The plaintiff sued out an attachment against the defendants and caused Hugh Percy to be garnished as the supposed debtor of the defendants. The garnishee answered that he was so

indebted, and the appellant, under section 3016 of the Code, filed a petition of intervention, claiming that he was entitled to the money the garnishee owed the defendants. Issue was joined on the allegations of the petition, and there was a general and special verdict, on which judgment was rendered for the plaintiff. The intervenor contends that the general and special verdicts are not supported by the evidence, and are contrary to the instructions of the court. The facts are that Mrs. Axtel owned certain real estate on which was situated a building used as a hotel, which she sold to the defendants, the same being evidenced by a written contract. The defendants sold the property to the garnishee, and assigned the Axtel contract to the intervenor for the purpose of securing him and other creditors of the defendants. This assignment was made prior to the garnishment. The property was duly conveyed to the garnishee, and he became indebted to the defendants therefor. The controverted questions on the trial were whether the defendants verbally assigned the money due from the garnishee prior to the garnishment; and the jury specially found that they did not. In our opinion this question and finding were wholly immaterial, and no doubt had a tendency to confuse and mislead. As we have said, the written contract was assigned to the intervenor, and thereunder he was clearly entitled to all the benefits thereof for the uses and purposes for which the assignment was made. It is, however, insisted by the appellee that the garnishee became indebted under the contract of sale made by the defendants to the garnishee, and that the verbal assignment of the amount due thereunder was not made until after the garnishment, and therefore the question whether there was such an assignment and when it was made became material. But the title to the real estate was in Mrs. Axtel and, as this contract had been assigned to the intervenor, the garnishee could not get the property or the title thereto, except as provided in the Axtel contract. This all the parties knew and understood. Therefore the assignment of this contract

vested in the intervenor the right to all the money due the defendants, and therefore, whether there was afterwards a verbal assignment of the money due the defendants under the other contract was immaterial. Therefore all other questions asked and answered by the jury based on a verbal assignment were also immaterial.

II. Conceding the written assignment to have been made as above stated, a material question on the trial was whether the plaintiff had notice thereof prior to the garnishment; and about this there is no doubt, for the intervenor so testifies, and one of the plaintiffs so admitted when on the stand as a witness.

III. Another question was whether the defendants were indebted to the intervenor and others at the time the contract was assigned. The evidence in the affirmative is simply overwhelming, and there is not a particle of evidence or a single fact or circumstance contradictory thereto.

IV. The remaining material question on the trial was whether the contract was assigned to the intervenor for the purpose of securing the payment of the indebtedness due from the defendants to the intervenor and others, and whether the intervenor undertook and bound himself to pay such creditors. As to the first branch of this inquiry, the evidence introduced by the intervenor is clear, certain and direct, and there is no evidence, nor a single fact or circumstance, contradictory thereto. And the same is true as to the second branch of the inquiry, except that the intervenor did not agree absolutely to pay such indebtedness, but he did so agree to the extent of the funds that came into his hands, under the assignment of the contract; and this was clearly sufficient to enable him to maintain an action for the money, or successfully defend one brought by another to deprive him of the same. The assignment of the contract vested in the intervenor the legal title to the money, and to all the rights thereunder, and the plaintiff had, as we have said, full knowledge of such

assignment, and it is immaterial whether the garnishee had or not. For it makes no difference to him who gets the money if he is duly discharged from liability. There is no evidence upon which the special findings and general verdict of the jury can be sustained. This result was reached, we think, because an immaterial issue was submitted to the jury.

Some questions other than the above have been discussed by counsel for the appellee, which have been duly considered, but in our view the result we have reached is in no respect controlled thereby.

REVERSED